### PEOPLE v. STAM.

(City Magistrates' Court of New York City. December, **1911**.)

LICENSES (§ 40*)—PLUMBERS—STATUTES.

    One who is not a licensed plumber, and who exposes at his workshop in New York City a sign containing his name and the words "Sheet Metal Work, Plumbing, Roofing, and Gas-Fitting," and the word "Supplies," printed on the show window of the place of business, violates Laws 1896, c. 803, making it unlawful for any person to expose the sign of "Plumber" or "Plumbing" unless he has first obtained a certificate of competency, and the mere fact that he has not pursued in some way the business of a plumber is immaterial.

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 79-83; Dec. Dig. § 40.*]

One Stam was charged with crime, and the city magistrate holds him for trial, in the Court of Special Sessions.

F. E. V. Dunn, Asst. Corp. Counsel, for the People.

Jacob Levy, for defendant.

FRESCHI, City Magistrate. By the provisions of chapter 803, Laws 1896, no person shall expose the sign of "Plumber" or "Plumbing," or a sign containing words of similar import and meaning, in the city of New York, without first having obtained a certificate of competency from the Examining Board of Plumbers.

The defendant concedes that he is not a licensed plumber; but, nevertheless, he has exposed at his workshop at No. 1429 Lexington avenue, Manhattan borough, New York City, a sign containing the words "Stam Bros., Sheet Metal Work, Plumbing, Roofing, and Gas-Fitting," as more fully appears from a photographic exhibit now before me. It is true that the word "Supplies" seems to have been printed on the show window of defendant's place of business; but its size and relation to the objectionable matter is of such a character as to force the conclusion that it was placed at a remote spot, with no other object in view than that it would tend to deceive and in a measure evade the law.

The defendant admits that he is not a plumber, and claims that he is not engaged in that business, trade, or calling, and that it has not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been proven that he contracted for, or attempted to perform, work of such a business or incident to that trade. For such reasons defendant contends he is entitled to a dismissal of the complaint under the authority of People v. O'Connell, 1 App. Div. 110, 36 N. Y. Supp. 1092. The case cited is not applicable. There the defendant, the chief engineer of the Fifth Avenue Hotel, who had hired plumbers and steamfitters to do work over which he had supervision and direction, was held not to be engaged in the trade, business, or calling of a plumber or plumbing.

The question of sign posting, as was concededly done in the case at bar, was not presented to the court in the O'Connell Case, supra. Here the defendant's placing and maintaining of the sign, with the word "Plumbing," is charged as a violation of the statute, which provides as follows:

"In the city of New York, it shall be unlawful for any person or persons to expose the sign of 'plumber' or 'plumbing' or a sign containing words of similar import and meaning unless said person or persons shall have obtained a certificate of competency from the Examining Board of Plumbers of said city and shall have registered as herein provided."

Defendant urges that this fact alone is insufficient in law to warrant a criminal prosecution, and contends, in this connection, that unless the prosecution shows that he pursued in some way the trade, business, or calling of a plumber, the defendant should be discharged. To sustain his theory, he argues that a lawyer, doctor, dentist, or druggist, who must be registered before practicing his profession, cannot be convicted for a mere holding out or posting of a sign indicating him to be a member of that certain class of practitioners regulated by statute in such individual case, and in such cases, as in the complaint at bar, there must be proof of carrying on of the defendant's trade or profession.

It is unlawful for a person to hold himself out to the public as being entitled to practice law, or to use or advertise the title of lawyer, or attorney and counselor at law, or equivalent terms in any language, in such manner as to convey the impression that he is a legal practitioner of law. Penal Law (Consol. Laws, c. 40) § 270. The same is true of a dentist or a doctor. A pharmacist may display his sign or exhibit his title in the cases provided by law. Public Health Law (Consol. Laws, c. 45) § 234 et seq.

Section 1 of the act under which this prosecution is commenced makes it incumbent upon every "employing or master plumber carrying on his trade, business or calling in the city of New York" to register annually. Section 6, relating only to section 1 above, defines an "employing or master plumber" as one who hires or employs a person to do plumbing work. These provisions were the subject of construction in the O'Connell Case, supra. It is therefore obvious that these sections of the law in question in no wise relate to the provisions which prohibit the exposing of the sign of "Plumber," or "Plumbing," or a sign containing words of some similar import and meaning, unless certain conditions are met.

There is no variance between the offense charged in the warrant and that charged in the complaint, as defendant claims.

The defendant having failed to establish that he obtained a certificate of competency as required by this statute, and it appearing that there is probable cause that the crime charged has been committed, I hold him for trial in the Court of Special Sessions.